IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ARMANDO ALBO  #06295-032**                                                **PETITIONER**

**v.**                                                      **CAUSE NO.  5:14-cv-114-KS-MTP**

**DEPARTMENT OF HOMELAND SECURITY
– IMMIGRATION AND CUSTOMS ENFORCEMENT
AND BARBRA WAGNER**                                                **RESPONDENTS**

### REPORT AND RECOMMENDATIONS

BEFORE THE COURT is the *pro se* Petition of Armando Albo for a writ of habeas corpus under 28 U.S.C. § 2241.  Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be DENIED.

### BACKGROUND

On March 20, 1998, Petitioner was sentenced in the United States District Court for the Eastern District of Kentucky for possession with intent to distribute cocaine. ([12-4] at 3-4.)  He was sentenced to a 240-month term of imprisonment and ten years of supervision. ([12-4] at 3.)

On December 2, 2014, Petitioner filed this habeas action challenging an immigration detainer lodged against him by the United States Immigration and Customs Enforcement ("ICE").  *See* [1]. Petitioner claims that as a Cuban national he is not deportable and should not have this detainer designation on him. According to Petitioner, the immigration detainer issued by ICE is unlawful and prevents him from being transferred to a different prison by the Bureau of Prisons to participate in pre-release programs.

### ANALYSIS

This Court lacks jurisdiction to hear the a habeas action challenging ICE's issuance of an immigration detainer because Petitioner does not meet the "in custody" requirement of Section

1

2241.  "For a court to have habeas jurisdiction under section 2241, the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge." *Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003); *Lewin v. Thompson*, 996 F.2d 305 (5th Cir. 1993) ("Although [an] INS[1] detainer may affect [Petitioner's] status and classification in prison, he is not in custody of the INS for habeas purposes."); *see also, Campillo v. Sullivan,* 853 F.2d 593, 595 (8th Cir. 1988) (filing of an immigration detainer against a Cuban serving a fifteen year sentence for violations of various narcotics laws was "insufficient" to alter an alien's status as a "custodial detainee of the federal prison system" and, thus, he could "not challenge the detainer by way of *habeas corpus* until he is placed in the custody of INS, an event which will not occur until [he] is released from his present term of confinement.").[2]

At the time Petitioner filed the instant Section 2241 habeas petition, he was incarcerated as a result of a federal criminal conviction he received in the United States District Court for the Eastern District of Kentucky.  The "filing of a detainer is an informal procedure in which the INS informs prison officials that a person is subject to deportation and requests that officials give the INS notice of the person's death, impending release, or transfer to another institution." *Id.*  A detainer, without more, does not satisfy the "in custody" requirement of Section 2241. *See Id*.  Petitioner is presently being held in federal custody due to his criminal conviction – and not his

---

[1] The United States Immigration and Naturalization Service ("INS") was the precursor federal agency to Immigration and Customs Enforcement ("ICE") that issued immigration detainers. *See Galarza v. Szalczyk*, 745 F.3d 634, 641 (3d Cir. 2014).

[2] According to petitioner, he will not even be taken into ICE custody at the end of his prison sentence. He says that those similar to him– "un-removable aliens"–have the detainer removed "30 days before the sentence is over and are then released directly from the prison to their home

immigration detainer. He is not "in custody" as a result of an immigration detainer; thus, the Court lacks jurisdiction to consider Petitioner's challenges to the detainer. *See Zamarripa-Torres v. Bureau of Immigration and Custom Enf't*, 347 Fed. App'x. 47 (5th Cir. 2009). Accordingly, this petition challenging the "immigration detainer" should be dismissed.

## RECOMMENDATION

For the reasons stated above, the Court lacks jurisdiction to hear this habeas action addressing Petitioner's immigration detainer as he does not meet the "in custody" requirement. Accordingly, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DENIED and dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

---

in the U.S." *See* [1] at 5.

This the 21st day of December, 2016.

                                      s/ Michael T. Parker
                                      United States Magistrate Judge